PER CURIAM.
Christopher Hill was convicted of burglary of a dwelling and two counts of dealing in stolen property. He was sentenced to three concurrent sentences of 35 years in prison, with a mandatory minimum of 30 years as a violent career criminal.
Hill argues that because the two counts of dealing in stolen property are not among the enumerated offenses under section 775.084(l)(d)l,, Florida Statutes (2000), which qualify him for an enhanced sentence, he should be resentenced for those two crimes in accordance with the sentencing guidelines.
To be sentenced as a violent career criminal, a defendant must meet three criteria: (1) he must have three or more previous adult convictions of “qualified” offenses; (2) he must have been incarcerated in a state or federal prison; and (3) the “primary felony offense” for which the defendant is being sentenced must be a qualified offense under section 775.084(l)(d)l. committed on or after October 1, 1995. § 775.084(4)(d)l. — 3., Fla. Stat. (2000).
*525 In Hill’s case, the primary felony offense for which he was sentenced was burglary of a dwelling. Since burglary is a “forcible felony” as defined in section 776.08, Florida Statutes (2000), burglary is a qualified offense under the violent career criminal statute. See § 775.084(l)(d)l., 3., Fla. Stat. (2000).
If the court determines that a defendant is a violent career criminal with respect to the primary felony offense, it “shall sentence” the defendant to the prison terms listed in section 775.084(4)(d)l.-3., Florida Statutes (2000). The statute does not limit the enhanced violent career criminal sentencing to only the primary felony offense. Such a limitation would be contrary to the intent of the statute, which is to punish those that qualify as career criminals, not just those who commit enumerated offenses. See § 775.0841, Fla. Stat. (2000).
AFFIRMED.
STONE, GROSS and HAZOURI, JJ., concur.